UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

ANGELIAN LEGRAND LOPEZ,

    Plaintiff,

v.

HOA RESTAURANT HOLDER, LLC, a
Foreign Limited Liability Company, d/b/a
HOOTERS OF LAKELAND II,

    Defendant.

_____/

**COMPLAINT**

Plaintiff, ANGELIAN LEGRAND LOPEZ ("Plaintiff"), by and through the undersigned attorney, hereby sues Defendant, HOA RESTAURANT HOLDER, LLC, a Foreign Limited Liability Company, d/b/a HOOTERS OF LAKELAND II ("Defendant" or the "Company"), and states:

**JURISDICTION AND VENUE**

67. This is an action for damages and other relief based on unlawful employment practices committed by Defendant pursuant to the provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), 42 U.S.C. §§ 12101 *et seq.*, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq*.

68. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

69. Venue is proper in the United States District Court for the Middle District of Florida because: (a) Plaintiff was employed in the Middle District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in Polk County; (b) the acts that gave rise

to Plaintiff's claims occurred within the Middle District of Florida; and (c) Defendant is subject to personal jurisdiction there.

## PARTIES

70. At all times material hereto, Plaintiff resided within the Middle District of Florida. Plaintiff is over the age of eighteen and otherwise *sui juris*.

71. Plaintiff is a female and is a member of a class protected under Title VII and the FCRA, because the terms, conditions, and privileges of her employment were altered because of her sex.

72. Further, Plaintiff was retaliated against for her complaints of discriminatory conduct on behalf of Defendant, which places her within a class protected under Title VII and the FCRA.

73. Defendant is a foreign corporation organized and existing in Texas with its principal place of business in Texas and authorized to do business in Florida. Defendant operates several offices nationwide. Specifically, Plaintiff worked in Florida covering 7-ELEVEN stores in the Fort Myers market.

74. Defendant is a Foreign Limited Liability Company organized and authorized to do business in Florida. Defendant is a restaurant chain consisting of locations nationwide. Specifically, Plaintiff worked at Defendant's North Lakeland location, located at 3400 US Highway 98 North, Lakeland, Florida 33809. All facts which give rise to this Complaint occurred in Lakeland, Florida.

75. Defendant has, at all times material, employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

76. Plaintiff has exhausted her administrative remedies by filing a timely Charge of Discrimination (the "Charge") against Defendant with the Equal Employment Opportunity Commission (the "EEOC") and the Florida Commission on Human Relations (the "FCHR").

77. Plaintiff's Charge was filed on or about April 05, 2022. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

78. Plaintiff was issued a Notice of Right to Sue on November 02, 2022 ("Notice"). This suit is filed on accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

79. The FCHR did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

80. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO ALL COUNTS

81. Plaintiff began working for Defendant's North Lakeland location on or about October 2021, as a server. Plaintiff held this position until her termination on or about March 13, 2022.

82. During her tenure, Plaintiff performed her job satisfactory and was fully qualified for her position as a server at the time all discriminatory events complained herein occurred.

83. From the outset of her employment in October 2021, until the end of her employment on or about March 13, 2022, Plaintiff experienced harassment because of her sex, female.

84. Specifically, in October 2021, Plaintiff was subjected to unwanted sexual advances from one of the cooks, Frank Thomas ("Thomas") (male). Thomas would make pervasive comments and sexual advances towards Plaintiff. Thomas constantly made remarks regarding the way she dressed, her physique, and overall appearance. These comments further escalated to

Thomas requesting Plaintiff to see him outside of work and go to his house and making pornography for/with him. These comments, upon information and belief, were not made toward male employees.

85. Plaintiff repeatedly rejected Thomas' advances between October 2021 and March 13, 2022, and Plaintiff made it clear that she was not interested in a romantic relationship with Thomas.

86. Plaintiff made several complaints to three store managers, Samantha (LNU), Natalie (LNU), Craig (LNU) (hereinafter collectively referred to as "the managers") regarding Mr. Thomas's unwanted advances, but no actions were taking to ameliorate the situation.

87. Specifically, Plaintiff complained to supervisors Samantha (LNU), and Natalie (LNU) regarding the unwanted sexual advances, she was being subjected to by Thomas. No action was taken to address Thomas' improper conduct towards Plaintiff.

88. On or around January of 2022, Thomas forcefully grab Plaintiff's buttocks in front of another employee. That night he also followed Plaintiff to her car as she was leaving work.

89. Plaintiff reported that incident to manager Craig (LNU). Craig dismissed Plaintiff's complaint stating that Thomas could not be fired because it "was difficult to find cooks" and that "nothing could be done."

90. Plaintiff continued complaining about the sexual harassment, and that she felt unsafe to all four managers. Plaintiff requested to be scheduled on different shifts than Thomas to be able to come back to work between January 2022 and through February 2022. However, Plaintiff's complaints and requests were ignored. Thomas continued to be scheduled and as a result, Plaintiff was unable to return to work as scheduled.

91. On or about February 16, 2022, Plaintiff contacted the human resources hotline to report the incident and to request that disciplinary action against Thomas was taken so she could return to work. Plaintiff's request was not addressed by Defendant.

92. On or about February 24, 2022, Plaintiff sent a follow-up email to Human Resources representative Angelica Flowers ("Flowers") as she was advised Thomas was still working at the restaurant.

93. On or about February 25, 2022, Plaintiff was advised by Flowers that Thomas had been terminated and she would be able to return to work whenever she was ready.

94. However, when Plaintiff attempted to return to work shortly thereafter, she was notified that she was removed from the schedule and was told not to come back to the store.

95. Defendant acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA.

96. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

97. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's sex and/or complaints of harassment were motivating factor(s) in the decision for adverse employment action(s).

98. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

99. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISPARATE TREATMENT BASED ON SEX)

100.   Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

101. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her sex, female.

102. Plaintiff is a member of a protected class, to wit, female.

103. During her tenure, Plaintiff performed her job satisfactory and was fully qualified for her position as a server.

104. Despite being well-qualified for her position, Plaintiff was completely removed from the work schedule, and ultimately, terminated.

105. Defendant, by and through its managers and/or other representatives, did not treat Plaintiff the same as other male employees.

106. Specifically, Defendant by and through its managers did not address Thomas' harassment towards Plaintiff and allowed Thomas to continue working without discipline while Plaintiff was forced to stay home.

107. At all times material hereto, Defendant's store managers, Thomas, were acting within the course and scope of their employment.

108. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, bonus(es), benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

109. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Thomas and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

110. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON SEX)

45. Plaintiff incorporates herein the allegations contained in paragraphs 1–33 inclusive, as though same were fully re-written, and says:

46. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her sex, female.

47. During her tenure, Plaintiff performed her job satisfactory and was fully qualified for her position as a server.

48. Despite being well-qualified for her position, Plaintiff was completely removed from the work schedule, and ultimately, terminated.

49. Defendant, by and through its managers and/or other representatives, did not treat Plaintiff the same as other male employees.

50. Specifically, Defendant by and through its managers did not address Thomas' harassment towards Plaintiff and allowed Thomas to continue working without discipline while Plaintiff was forced to stay home and was ultimately terminated.

51. Defendant's actions against Plaintiff including but not limited to the termination all constitute adverse employment actions under the FCRA because these actions changed the terms, benefits, and conditions of her employment.

52. Plaintiff's rejection of Thomas's sexual advances and/or her sex in general were, at minimum, motivating factors for Defendant's decision to ignore her requests to change her schedule and terminate her employment.

53. Defendant's managers at all times relevant, were acting within the course and scope of their employment.

54. Defendant, by and through its managers, did not treat her male subordinates in this manner.

55. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, bonus(es),benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

56. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through

its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Thomas and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEX)

57. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

58. Plaintiff brings this action under Title VII of the Civil Rights Act (42 U.S.C. § 2000e–2) for the unlawful employment practices of the Defendant for allowing and ratifying the sexual harassment Plaintiff was subjected to by Thomas.

59. Plaintiff is a member of a protected class, to wit, female.

60. Beginning on Plaintiff's start of employment on or about October 2021 and continuing until her termination on or about March 13, 2022, Thomas made harassing comments about Plaintiff's physical appearance and made unwanted sexual advances towards Plaintiff, including grabbing her buttocks.

61. Mr. Thomas's actions toward Plaintiff were constant and pervasive.

62. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, such that a reasonable person would find the environment hostile. Plaintiff feared for her safety after she was physically confronted by Thomas after her shift when she continued to reject him.

63. Despite multiple complaints, Thomas's behavior was not addressed or corrected by Defendant. Defendant, by its inactivity, condoned Thomas's actions.

64. At all times material hereto, Defendant's store managers, were acting within the course and scope of their employment.

65. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, bonus(es), benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

66. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of M Thomas and its other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (HOSTILE WORK ENVIRONMENT BASED ON SEX)

67. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

68. Plaintiff is a member of a protected class, to wit, female.

69. Beginning on Plaintiff's start of employment on or about October 2021, and continuing until her termination on or about March 13, 2022, Thomas made harassing comments about Plaintiff's physical appearance and made unwanted sexual advances towards Plaintiff, including grabbing her buttocks.

70. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, such that a reasonable person would find the environment hostile. Plaintiff feared for her safety after she was physically confronted by Thomas after her shift when she continued to reject him.

71. Despite multiple complaints, Thomas's behavior was not addressed or corrected by Defendant. Defendant, by its inactivity, condoned Thomas's actions.

72. At all times material hereto, Defendant's store managers, were acting within the course and scope of their employment.

73. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to compensation for lost wages, bonus(es), benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

74. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Thomas and its other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

    B. The Court award punitive damages as permitted under the law;

    C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (RETALIATION)

75. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

76. Plaintiff is a member of a protected class, to wit, female.

77. Plaintiff complained to Defendant's store managers about Thomas' unwanted sexual advances and inappropriate comments and behavior as stated above.

78. Plaintiff also complained to Defendant's Human Resources department, as set forth above, about the harassment to which she was subjected, the lack of action by management and her inability to return to work for over a month. Plaintiff's complaints of harassment as stated above, were protected activity under the Act.

79. Subsequent to the complaint Plaintiff made, Thomas and the managers were made aware of the complaint through Defendant's HR department.

80. As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be harassment and discriminatory in nature, Plaintiff was removed from the schedule, which constituted a termination of employment without cause or notice.

81. Upon information and belief, the decision to terminate Plaintiff was made and effectuated by at least one of the managers.

82. Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, were, at minimum, motivating factors for the decision to terminate Plaintiff.

83. Plaintiff's termination constitutes an adverse employment action under Title VII of the Civil Rights Act of 1964.

84. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the Title VII. Defendant, by and through its managers, officers, supervisors, and/or agents, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

85. Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, including but not limited to the disparate treatment in opportunities, hours, benefits, and promotions, and Plaintiff's termination, (if any) are pretextual.

86. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of harassment, was a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

87. Plaintiff, re-alleges and reaffirms paragraphs 1 through 33 as if fully set forth herein.

88. Plaintiff complained to Defendant's store managers about Thomas' unwanted sexual advances and inappropriate comments and behavior.

89. Plaintiff also complained to Defendant's Human Resources department, as set forth above, about the harassment to which she was subjected, the lack of action by management and her inability to return to work for over a month.  Plaintiff's complaints of harassment as stated above, were protected activity under the Act.

90. Subsequent to the complaint Plaintiff made, Thomas and the managers were made aware of the complaint through Defendant's HR department.

91. As a direct result of Plaintiff's complaints of actions Plaintiff objectively perceived to be harassment and discriminatory in nature, Plaintiff was removed from the schedule, which constituted a termination of employment without cause or notice.

92. Upon information and belief, the decision to terminate Plaintiff was made and effectuated by one of the managers.

93. Plaintiff's complaints of actions Plaintiff objectively perceived to be discriminatory in nature, were, at minimum, motivating factors for the decision to terminate Plaintiff.

94. Plaintiff's termination constitutes an adverse employment action under the FCRA.

95. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FRCA. Defendant, by and through its managers, officers, supervisors, and/or agents, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

96. Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, including but not limited to the disparate treatment in opportunities, hours, benefits, and promotions, and Plaintiff's termination, (if any) are pretextual.

97. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

 E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

 Plaintiff, ANGELIAN LEGRAND LOPEZ, hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 31, 2023      Respectfully submitted,

               **PEREGONZA THE ATTORNEYS, PLLC**
               5201 Blue Lagoon Drive, Suite 290
               Miami, FL 33126
               Tel. (786) 650-0202
               Fax. (786) 650-0200

               */s/ Nathaly Saavedra*
               Nathaly Saavedra, Esq.
               Fla. Bar No. 118315
               Email: nathaly@peregonza.com